UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERKSHIRE BANK,<br>    Plaintiff,<br><br>v.<br><br>JOSE L. CASTANEDA,<br>    Defendant. | Civil Action No. |

## VERIFIED COMPLAINT

Plaintiff brings this action for breach of a promissory note and personal guaranty executed by the defendants.

### Parties, Jurisdiction and Venue

1. The plaintiff, Berkshire Bank, successor by merger to Commerce Bank, (the "Bank"), is a banking institution with a usual place of business at 386 Main Street, Worcester, Massachusetts.

2. The defendant, Jose L. Castaneda ("Borrower"), is an individual with a last known address of 1092 E. Los Ebanos Blvd., Brownsville, Texas.

3. The amount in controversy exceeds $75,000. This Court has jurisdiction under 28 U.S.C. §1332.

4. Venue is proper in this Court under 28 U.S.C. §§1391.

### Facts

5. On or about August 22, 2008, Borrower executed a promissory note in favor of the Bank in the original principal amount of $403,920.00 (the "Note"). The Note provided for fifty-nine (59) equal monthly installments of $2,981.59 each beginning September 22, 2008, with

a final payment of $347,988.03 due on August 22, 2013. A true copy of the Note is attached hereto as **Exhibit A**.

6.    On or about August 22, 2008, as security for the Note, Borrower executed and delivered to the Bank an aircraft security agreement (the "Security Agreement") granting the Bank a security interest in a 1996 Piper PA46-350P, S/N 4636054, FAA Registration Number N64TW (the "Collateral"). A true copy of the Security Agreement is attached hereto as **Exhibit B**.

7.    The Bank duly perfected its security interest in the Collateral by recording with the Federal Aviation Administration.

8.    By allonge to promissory note dated September 30, 2013 the maturity date of the Note was extend to December 20, 2013 (the "First Allonge"). A copy of the First Allonge is attached hereto as **Exhibit C**.

9.    By allonge to promissory note dated November 29, 2013, the maturity date of the Note as amended by the First Allonge was extend to November 22, 2028, and further provided for satisfaction of the outstanding balance of $340,591.62 by one hundred seventy-nine (179) equal monthly installments of $2,843.30 each beginning December 22, 2013 with a final payment due on November 22, 2028 (the "Second Allonge", together with the Note and First Allonge, the "Amended Note"). A copy of the Second Allonge is attached hereto as **Exhibit D**.

10.   The Borrower failed to make the required payment due under the Amended Note.

11.   Borrower's failure to make the required last payment constitutes a default under the Amended Note.

12.   By letters dated July 29, 2020, the Bank provided notice to Borrower of its payment default under the Amended Note and the Bank's acceleration of the full outstanding

balance due under the Amended Note. A true copy of the July 29, 2020 letter is attached hereto as **Exhibit D**.

13. Despite demand, the Borrower failed to pay the outstanding balance due the Bank under the Amended Note.

14. At no time has the Borrower disputed the debt due the Bank, but notwithstanding, Borrower has failed to pay the outstanding balance due under the Amended Note.

15. As of July 29, 2020, Borrower owes the Bank $258,162.72, together with subsequently accruing interest at the default rate, late fees, expenses and costs of collection, including attorneys' fees as provided for under the Amended Note.

## COUNT I

16. The Bank repeats and realleges paragraphs 1 through 15 as if expressly restated and realleged.

17. In breach of its contract, Borrower has failed to pay the full outstanding balance due under the Amended Note.

18. Upon Borrower's breach of the Amended Note, as of July 29, 2020, Borrower owes the Bank $258,162.72, together with subsequently accruing interest at the default rate, late fees, expenses and costs of collection, including attorneys' fees as provided for under the Amended Note.

## COUNT II

19. The Bank repeats and realleges paragraphs 1 through 18 as if expressly restated and realleged.

20. Borrower owes the Bank $258,162.72 for money lent to it under the Amended Note.

## **COUNT III**

21. The Bank repeats and realleges paragraphs 1 through 20, as if expressly restated and realleged.

22. Under both the Security Agreement and Massachusetts Uniform Commercial Code, Section 9-503, in the event of default, the Bank may require Borrower to deliver the Collateral, and shall have all remedies available at law or in equity.

23. As a result of Borrower's default, the Bank is entitled to the immediate possession of the Collateral.

24. The Bank has and will continue to suffer damages as a proximate result of Borrower's continued detainment of the Collateral, and the Bank is entitled to the immediate possession of the Collateral.

WHEREFORE, the plaintiff, Berkshire Bank, hereby demands that:

a. Judgment enter in favor of it and against the defendant, Jose L. Castaneda, in the amount of its damages, including subsequently accruing interest at the default rate and costs of collection, including attorneys' fees;

b. The Defendant be restrained from interfering with the Bank's enforcement of its rights under the Security Agreement;

c. The Defendant be ordered to provide to the Bank, forthwith, the location of the Collateral;

d. The Defendant be enjoined to surrender and deliver forthwith the Collateral to the Bank or its authorized agent at a location designated by the Bank; and

e.   Such other and further relief as the Court may deem just and proper.

**BERKSHIRE BANK**

By its attorneys,

/s/ Robert B. Gibbons
---
Robert B. Gibbons, Esq., BBO #631049
William J. Morrissey, Esq., BBO #694938
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone:  (508) 898-1501
Fax:    (508) 898-1502

Dated: August 24, 2020

## VERIFICATION

I, Marven J. Joseph, Vice President, Berkshire Bank, state under the penalties of perjury that I have reviewed the factual allegations of this Verified Complaint and attest that they are true.

_____
Marven J. Joseph

Dated:  August 24, 2020